### BETHEA v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

(Circuit Court of Appeals, Fifth Circuit. October 10, 1922.)

No. 3840.

Master and servant &⩬137(1)—Employer held not negligent as to lineman on pole guyed by rope across railroad track.

A petition, alleging that plaintiff, in performing his duties as a lineman, climbed a telephone pole which he and a coemployee had strengthened under directions of a vice principal by placing a guy rope across a railroad Y track, and that he was jerked down by an engine, coming while he was absorbed in his work during the temporary absence of his coemployee, who went to get a cross-arm after the vice principal departed, *held* not to show that the injury was attributable to any negligence chargeable against the employer.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

&⩬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by C. E. Bethea against the Southern Bell Telephone & Telegraph Company. From a judgment sustaining demurrers to the petition, plaintiff brings error. Affirmed.

Hal Lawson, of Abbeville, Ga. (T. T. James and G. Y. Harrell, both of Lumpkin, Ga., on the brief), for plaintiff in error.

H. H. Swift and L. C. Slade, both of Columbus, Ga. (Slade & Swift, of Columbus, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The court sustained general demurrers to the petition of the plaintiff in error (herein referred to as the petitioner), and dismissed the petition. The petitioner sued out a writ of error, and complains of the above-mentioned ruling. The averments of the petition show the following state of facts: On the 31st day of December, 1919, the petitioner was a lineman in the employ of the defendant in error (herein referred to as the defendant), and was engaged in making repairs on the defendant's telephone line, his duty being to do work in repairing and keeping up defendant's telephone poles and wires, communications and connections, in such a way as he was directed to do by W. L. Willingham, who was alleged to be the vice principal of the defendant. In the performance of his duty petitioner climbed to the top of a telephone pole for the purpose of pulling and tightening wires thereon and of fastening the wires to the cross-arm on the top of that pole. That pole was in such a condition as to make it necessary and proper that it be strengthened in some manner. At the direction of Willingham, petitioner fastened a rope to the top of the pole upon which he was working, and a fellow workman, also at the direction of Willingham, fastened the other end of the rope to a tree, which was across a railroad track from said pole; that being done for the purpose of strengthening the pole, so that it would stand the additional strain upon it involved in the repair work.

The railroad track crossed by the rope formed a part of a Y, upon which engines are turned, so that they may go back in the direction from which they came. While petitioner was engaged in his task, his fellow workman, McKenzie, went to the defendant's office to get a new cross-arm, which was needed because of the defective condition of the one which was on the pole. While McKenzie was so absent, and while the petitioner was engaged in his task at the top of the pole, an engine of the owner of the railroad track came on that track for the purpose of turning, and struck the rope stretched across the track, with the result that the pole upon which petitioner was at work was jerked down, and petitioner was thrown to the ground and injured. By reason of petitioner being absorbed in the work he was doing, and by reason of the wind so blowing at the time as to interfere with his hearing noises in the vicinity, he did not hear the engine before it struck the rope. He was not informed by the defendant that any engine was likely to be on that track while he was at the top of the pole. The petition contained averments to the effect that the pole on which petitioner was working could have been made safe by the use of other

appliances, which the defendant had at hand and which could as conveniently have been used.

From the petition's averments and its lack of averments it may be inferred that Willingham departed after giving the above-mentioned directions, leaving the work which was to be done in charge of the petitioner and his coemployee McKenzie. The situation brought about by a compliance with the directions given by Willingham was that petitioner was at work at the top of the pole, guyed as above stated, while a coemployee or helper was near by on the ground below. That situation did not indicate the existence of any danger which was not readily avoidable by the exercise of ordinary care by the petitioner and his coemployee, McKenzie. The presence of the railroad track gave notice that the plan adopted for guying or bracing the pole would be a safe one only so long as that track, at the place where it was crossed by the rope, was not used by a moving engine. It was to be supposed that one or both of the employees who were jointly engaged in the work would discover the approach of an engine or train in ample time to avoid any peril therefrom to either of them. The situation existing at the time Willingham left the scene was such that it was reasonably to be expected that McKenzie would perform the function of a watchman, and would know of the possible use of the Y track by an engine in time to remove the rope, or to notify the petitioner of the danger of his remaining on the top of the pole.

The averments of the petition do not show that Willingham was negligent in failing to anticipate that an engine would come on the Y track when McKenzie happened to be away, and when the petitioner happened not to be looking or listening for an engine or train, though he did not know and had not inquired when the Y track was likely to be used. The conclusion is that the averments of the petition do not show that the injury complained of was attributable to any negligence chargeable against the defendant. It follows that it was not error to sustain the demurrer to the petition.

The judgment is affirmed.